IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TOM HEMBY, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:06-0979 |
| | ) | JUDGE HAYNES |
| | ) | |
| | ) | |
| BEBE WINANS, d/b/a | ) | |
| BENJAMIN WINANS and MOVEMENT | ) | |
| GROUP, LLC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HIDDEN RECORDS RECORDINGS, | ) | |
| LLC, a/k/a HIDDEN BEACH RECORDS, | ) | |
| LLC, and a/k/a HIDDEN BEACH | ) | |
| RECORDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

Before the Court is the Defendants Hidden Beach Recordings LLC's, Bebe Winans's and Movement Group, LLC's motion for attorney fees in the amount of one hundred fifty-four thousand five hundred sixty-nine dollars twenty-one cents ($154,569.21). (Docket Entry No. 140).

Plaintiff filed this action under the Copyright Act asserting his claim as a co-author of sound recordings he co-produced with Winans on which Winans was the featured artist. The action was set for jury trial and at the conclusion of Plaintiff's proof, the Court granted the Defendants' motion for a judgment as a matter of law and awarded Defendants their costs. The Court cited <u>Community for Creative Non-Violence v. Reid</u>, 490 U.S. 730, 737 (1989) that absent a written agreement, the owner of the copyright is not the person who actually creates the work,

but the employer for whom the work was prepared. See also 17 U.S.C. § 201(b). In granting Defendants' motion for judgment as a matter of law, the also Court relied on Thompson v. Larson, 147 F.3d 195 (2d Cir. 1998) and Tang v. Putress, 521 F. Supp. 2d 600, 606 (E.D. Mich. 2007) (citing Thompson, that Plaintiff's claim requires courts to consider: (1) how the parties viewed themselves on this work; (2) the contributors' decision-making authority; (3) any agreements with third parties; and (4) other pertinent evidence. Moreover, mutual intent is necessary to establish joint authorship. Id.

Plaintiff's proof never established that the parties ever viewed Plaintiff as a co-owner of the copyright interests at issue or that the parties ever had any agreement that Plaintiff was a co-author. All of the formal documents between the parties reflected that the parties regarded Plaintiff as a producer, not as a co-owner. Plaintiff completed union time cards for the recordings at issue and those time cards reflect that Movement Group and/or Hidden Beach were the companies responsible for the sound recordings that Plaintiff was co-producing. Plaintiff's witnesses: two musicians, two engineers, and an expert on Plaintiff's contributions to the sound recordings, also testified to Defendant Winans' authority in the making of the sound recordings and his renowned artistic ability. All of the evidence established Winans as the ultimate decision making authority on the recordings at issue. Plaintiff's counsel never asked Movement Group's counsel to remove or alter the work made for hire language in the six drafts of the draft producer agreement between Plaintiff and Movement Group. Plaintiff never asserted a copyright claim for the three albums that he produced without written agreements. Plaintiff's work history established that Plaintiff always viewed his role as a producer, not a co-owner of sound recording copyrights. Plaintiff's producer agreements with third parties reflected that he was acting as a

2

Case 3:06-cv-00979 Document 154 Filed 03/05/10 Page 2 of 6 PageID #: 2473

producer and not as a co-author. In sum, all of the evidence was that the parties never viewed Plaintiff as a co-author and Plaintiff's proof could not support a judgment under the Copyright Act. The Court also concluded that Plaintiff's state law claims were either preempted by the Copyright Act or lacked merit.

Defendants' pending motion seeks their attorney's fees in defending this action under 17 U.S.C. § 505. Defendants cited their counsels' fees for days of trial preparation and trial days examining Plaintiff's witnesses and reading depositions of the sound recordings. The Copyright Act authorizes attorney fees for a prevailing party in the Court's discretion.

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. For such an award, the Court is to consider whether Plaintiff's claim was frivolous, Plaintiff's motivation, the factual and legal unreasonableness of Plaintiff's position and the need to advance consideration of compensation and deterrence. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). These "factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." Id. at n.19.

As to the frivolity of Plaintiff's claim, Plaintiff lacked any proof that Winans ever intended to agree that Plaintiff was a co-author. Plaintiff's witnesses: two musicians, two engineers, and an expert on Plaintiff's contributions to the sound recordings, testified to Defendant Winans' authority in the making of the sound recordings and his renowned artistic ability. As to improper motivation, prior to his filing this complaint, Plaintiff's counsel, Mr. Chesser, sent an email to Mr. Mulraine, Movement Group's counsel with a redlined draft of the

3

producer agreement that Chesser had been negotiating for a year and a half, highlighting all of the changes that had been made to the original agreement. Chesser, however, failed to redline his most recent revision that increased Plaintiff's proposed advance of $10,000 to $35,000. The email was sent less than a month after Winans appeared on the Oprah Winfrey show, during which time Winfrey chose *My Christmas Prayer* as one of her "Favorite Things," and after Hidden Beach entered into a profitable agreement with Starbucks to sell the album. Mulraine refused Chesser's underlined edits and Chesser advised Mulraine to look to federal law as a "basis to ascertain the costs of release of your album." Defendants' Exhibit 15. On October 6, 2006, when this action was filed, Plaintiff had not been paid for his production services rendered on the sound recordings because Plaintiff never signed the producer agreement.

Defendants contend that in lieu of breach of contract claims to recover such payment, Plaintiff invoked the Copyright Act seeking fifty percent of Defendants' copyright in the sound recordings and the profits from their exploitation. Defendants cited Plaintiff's refusal of Defendants' Rule 68 Offer of Judgment of $49,267.00 based upon what Plaintiff would have earned had he signed the producer agreement. An unreasonable rejection of a serious settlement offer can be a factor in assessing the reasonableness of a fee request. Harris Custom Builders v. Hoffmeyer, 140 F.3d 728, 731 (7th Cir. 1998).

Plaintiff insists he was a co-producer, but the Copyright Act specifically requires joint authors to intend to consider the work a joint work. 17 U.S.C. § 101. The Plaintiff's evidence did not provide any evidence of the parties' mutual intent to be joint authors. Tang, 521 F. Supp. 2d at 600. Plaintiff's proof actually established a lack of mutual intent. The policies of the Copyright Act are violated when a defendant is forced to engage counsel and expend resources in

4

defending an unreasonable claim. Fogerty, 510 U.S. at 529; Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 359 (S.D.N.Y 2006) aff'd, 249 Fed. Appx. 845 (2d Cir. 2007). ("[W]here a plaintiff's case is devoid of legal or factual basis, failing to award attorneys' fees to defendants in such situations would invite others to bring similar unreasonable actions without fear of any consequences") (quoting Arclightz and Films Pvt. Ltd. v. Video Palace, Inc., 2003 WL 22434153 (S.D.N.Y. Oct. 23, 2003).

Plaintiff responds that Defendants' motion, if successful, would have a chilling effect upon creators of works to assert their rights and interests under theories that have a colorable basis under the United States Code and Congressional legislative history. Given the fact that there was not any proof of Plaintiff as a joint creator of these works, these policies are not implicated here. Plaintiff contends that the lack of a signed written agreement between the parties concerning authorship was due to Defendants' changing attorneys, delays, and lack of good faith. Yet, Plaintiff's union time records, the undisputed work for hire provision in the draft agreements, and his prior work history were inconsistent with any co-authorship agreement. Joint authorship, if intended, can be accomplished by written agreement before production. Plaintiff's counsel was advancing a claim upon which there was not any prior agreement and Plaintiff's evidence contradicted that claim. Plaintiff attempted to use the Copyright Act to extract more than he agreed to provide. Under the Copyright law, if there were a written agreement on joint authorship before any work on the recordings, then Plaintiff could assert these claims. To deny attorney fees will encourage participants to ignore the legal requirement of signed contracts to establish joint ownership, and to award attorney fees discourages such unreasonable conduct. Earth Flag Ltd. v. Alamo Flag Co., 154 F. Supp. 2d 663, 668 (S.D.N.Y.

5

2001). To rule otherwise would be disruptive to the industry.

The Court concludes that Plaintiff's copyright claim lacked justifiable bases and was an attempt to enlarge Plaintiff's financial interest without adequate legal and factual bases. The Court, however, agrees that in light of the applicable law, Defendants' failure to file a dispositive motion is an underlying factor in the amount to be awarded. Thus, the Defendants are awarded fifty percent (50%) of the attorney fees sought in their motion, i.e., seventeen thousand nine hundred eighty-four dollars sixty cents ($17,984.60).

An appropriate Order is filed herewith.

**ENTERED** this the ____5th____ day of March, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

6